**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**

IN RE:    Amy Marie Bannister, Debtor                    Case No. 26-00511-KMS
                                                                              CHAPTER 13

To:    **Affected Creditors listed below on certificate of service**
       **U. S. Trustee**
       **Chapter 13 Case Trustee**

### NOTICE TO ADDED CREDITOR(S), TRUSTEE AND U.S. TRUSTEE

 PLEASE TAKE NOTICE that an amendment to the bankruptcy matrix and/or schedules to add one or more additional creditors has been filed by the debtor(s), and said amendment lists the creditor(s) noticed hereby as an additional creditor in the above captioned bankruptcy case.

Within 21 days from the date of this notice, each added creditor has the right to request of the U. S. Trustee, 501 East Court Street, Suite 6-430, Jackson, Mississippi 39201, an adjourned §341(a) creditors' meeting if the added creditor wishes to examine the debtor(s) under oath. (See copy of original §341 meeting notice attached.)

Each added creditor has 60 days from the date of this notice to file a complaint objecting to the discharge of the debtor(s), or a complaint to determine the dischargeability of a debt, or to file a motion requesting an extension of time to file such a complaint, unless a longer period of time is provided by the Federal Rules of Bankruptcy Procedure.

If this is a Chapter 7, 12 or 13 case and the attached §341 meeting notice contains a Proof of Claim deadline, as an added creditor you have 70 days from the date of this notice to file a Proof of Claim. However, if this is a Chapter 7 case and the notice contains language "Please Do Not File a Proof of Claim Unless You Receive a Notice To Do So", then, you do not need to file a claim at this time.

If this is a Chapter 11 case, you have the right to file a proof of claim by the bar date indicated on the attached §341 meeting notice or 30 days from the date of this notice, whichever is later.

PLEASE TAKE NOTICE ALSO that the undersigned debtor(s) or attorney for debtor(s) is required to send a copy of the amended matrix and/or schedule(s) to each added creditor.

       Date: **March 20, 2026**                              **/s/ Thomas C. Rollins, Jr.**
                                                                           Signature of Attorney for Debtor

# Notice of Chapter 13 Bankruptcy Case
## United States Bankruptcy Court Southern District of Mississippi

**Information to identify the case:**

| | | |
|---|---|---|
| Debtor 1 | **Amy Marie Bannister** | Social Security number or ITIN   **xxx–xx–3622** |
| | First Name   Middle Name   Last Name | EIN  _ _–_ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | | Social Security number or ITIN  _ _ _ _ |
| | First Name   Middle Name   Last Name | EIN  _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court for the Southern District of Mississippi | | |
| Case number:  **26–00511–KMS** | | Date case filed for chapter  **13    2/25/26** |

**For the debtors listed above, a case has been filed under chapter 13 of the Bankruptcy Code. An order for relief has been entered.**

**This notice has important information about the case for creditors, debtors, and trustees, including information about the meeting of creditors and deadlines. Read both pages carefully.**

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtors, the debtors' property, and certain codebtors. For example, while the stay is in effect, creditors cannot sue, garnish wages, assert a deficiency, repossess property, or otherwise try to collect from the debtors. Creditors cannot demand repayment from debtors by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although debtors can ask the court to extend or impose a stay.

Confirmation of a chapter 13 plan may result in a discharge. Creditors who assert that the debtors are not entitled to a discharge under 11 U.S.C. § 1328(f) must file a motion objecting to discharge in the bankruptcy clerk's office within the deadline specified in this notice. Creditors who want to have their debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office by the same deadline. (See line 13 below for more information.)

To protect your rights, consult an attorney. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records at  www.pacer.uscourts.gov).

The staff of the bankruptcy clerk's office cannot give legal advice.

Cell Phones and other electronic devices are generally not allowed in the courthouses of this District. For more information visit www.mssb.uscourts.gov

To help creditors correctly identify debtors, debtors submit full Social Security or Individual Taxpayer Identification Numbers, which may appear on a version of this notice. However, the full numbers must not appear on any document filed with the court.

**Do not file this notice with any proof of claim or other filing in the case. Do not include more than the last four digits of a Social Security or Individual Taxpayer Identification Number in any document, including attachments, that you file with the court.**

| | | About Debtor 1: | About Debtor 2: |
|---|---|---|---|
| 1. | **Debtor's full name** | Amy Marie Bannister | |
| 2. | **All other names used in the last 8 years** | aka Amy Bannister | |
| 3. | **Address** | 9820 Clayton Cemetery Rd Lauderdale, MS 39335 | |
| 4. | **Debtor's attorney** Name and address | Thomas Carl Rollins Jr The Rollins Law Firm, PLLC PO BOX 13767 Jackson, MS 39236 | Contact phone 601–500–5533 Email trollins@therollinsfirm.com |
| 5. | **Bankruptcy trustee** Name and address | David Rawlings David Rawlings, Chapter 13 Trustee P.O. Box 566 Hattiesburg, MS 39403 | Contact phone 601–582–5011 Email ecfnotices@rawlings13.net |
| 6. | **Bankruptcy clerk's office** Documents in this case may be filed at this address. You may inspect all records filed in this case at this office or online at  www.pacer.uscourts.gov. | Thad Cochran U.S. Courthouse 501 E. Court Street Suite 2.300 Jackson, MS 39201 | **Office Hours: Monday – Friday 8:00 AM – 5:00 PM Contact phone 601–608–4600**  **Date: 2/26/26** |

**For more information, see page 2**

Debtor **Amy Marie Bannister**                                                                                Case number **26–00511–KMS**

| | | |
|---|---|---|
| **7. Meeting of creditors** <br> Debtors must attend the meeting to be questioned under oath. In a joint case, both spouses must attend. Creditors may attend, but are not required to do so. | **April 9, 2026** at **09:00 AM** <br><br> The meeting may be continued or adjourned to a later date. If so, the date will be on the court docket. | **Trustee: David Rawlings** <br> **Zoom video meeting.** <br> **Go to zoom.us/join, enter** <br> **Meeting ID 431 357 5185 and** <br> **Passcode 8402453787 , OR call** <br> **769–267–0361.** <br><br> **For additional meeting information go to** <br> **www.justice.gov/ust/moc** |

| | | |
|---|---|---|
| **8. Deadlines** <br> The bankruptcy clerk's office must receive these documents and any required filing fee by the following deadlines. | **Deadline to file a complaint to challenge dischargeability of certain debts:** | **Filing deadline: 6/8/26** |
| | **You must file:** <br> • a motion if you assert that the debtors are not entitled to receive a discharge under U.S.C. § 1328(f) or <br> • a complaint if you want to have a particular debt excepted from discharge under 11 U.S.C. § 523(a)(2) or (4). | |
| | **Deadline for all creditors to file a proof of claim:** <br> (except governmental units) | **Filing deadline: 5/6/26** |
| | **Deadline for governmental units to file a proof of claim:** | **Filing deadline: 8/24/26** |
| | **Deadlines for filing proof of claim:** <br> A proof of claim is a signed statement describing a creditor's claim. A proof of claim form may be obtained at www.uscourts.gov or any bankruptcy clerk's office. If you do not file a proof of claim by the deadline, you might not be paid on your claim. To be paid, you must file a proof of claim even if your claim is listed in the schedules that the debtor filed. <br> Secured creditors retain rights in their collateral regardless of whether they file a proof of claim. Filing a proof of claim submits the creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain. For example, a secured creditor who files a proof of claim may surrender important nonmonetary rights, including the right to a jury trial. | |
| | **Deadline to object to exemptions:** <br> The law permits debtors to keep certain property as exempt. If you believe that the law does not authorize an exemption claimed, you may file an objection. | **Filing deadline:** 30 days after the *conclusion* of the meeting of creditors |

| | |
|---|---|
| **9. Filing of plan** | Miss. Bankr. L.R. 3015–1(d) requires the debtor to serve a copy of the plan and related notice on the Trustee, the US Trustee, and all creditors. The plan may contain a motion for valuation of security and/or a motion to avoid lien. Any objection to the plan or to any motion contained therein shall be in writing and filed with the Clerk of Court on or before **April 23, 2026**. Objections will be heard on **May 19, 2026** at **01:30 PM** in the William Colmer Federal Building, 701 N. Main Street, Hattiesburg, MS 39401, unless otherwise ordered by the court. If no objection is timely filed, the plan may be confirmed without a hearing. |
| **10. Creditors with a foreign address** | If you are a creditor receiving a notice mailed to a foreign address, you may file a motion asking the court to extend the deadline in this notice. Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case. |
| **11. Filing a chapter 13 bankruptcy case** | Chapter 13 allows an individual with regular income and debts below a specified amount to adjust debts according to a plan. A plan is not effective unless the court confirms it. You may object to confirmation of the plan and appear at the confirmation hearing. A copy of the plan, if not enclosed, will be sent to you later, and if the confirmation hearing is not indicated on this notice, you will be sent notice of the confirmation hearing. The debtor will remain in possession of the property and may continue to operate the business, if any, unless the court orders otherwise. |
| **12. Exempt property** | The law allows debtors to keep certain property as exempt. Fully exempt property will not be sold and distributed to creditors, even if the case is converted to chapter 7. Debtors must file a list of property claimed as exempt. You may inspect that list at the bankruptcy clerk's office or online at www.pacer.uscourts.gov. If you believe that the law does not authorize an exemption that debtors claimed, you may file an objection by the deadline. |
| **13. Discharge of debts** | Confirmation of a chapter 13 plan may result in a discharge of debts, which may include all or part of a debt. However, unless the court orders otherwise, the debts will not be discharged until all payments under the plan are made. A discharge means that creditors may never try to collect the debt from the debtors personally except as provided in the plan. If you want to have a particular debt excepted from discharge under 11 U.S.C. § 523(a)(2) or (4), you must file a complaint and pay the filing fee in the bankruptcy clerk's office by the deadline. If you believe that the debtors are not entitled to a discharge of any of their debts under 11 U.S.C. § 1328(f), you must file a motion. The bankruptcy clerk's office must receive the objection by the deadline to object to exemptions in line 8. |

MSSB-113 (12/17)

| Fill in this information to identify your case: | |
|---|---|
| Debtor 1 | **Amy Marie Bannister** |
| | Full Name (First, Middle, Last) |
| Debtor 2 (Spouse, if filing) | |
| | Full Name (First, Middle, Last) |
| United States Bankruptcy Court for the | **SOUTHERN DISTRICT OF MISSISSIPPI** |
| Case number: | **26-00511** |
| (If known) | |

☐ Check if this is an amended plan, and list below the sections of the plan that have been changed.

# Chapter 13 Plan and Motions for Valuation and Lien Avoidance

**12/17**

---

| Part 1: | Notices |
|---|---|

**To Debtors:** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable. The treatment of ALL secured and priority debts must be provided for in this plan.

In the following notice to creditors, you must check each box that applies

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

**If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation on or before the objection deadline announced in Part 9 of the Notice of Chapter 13 Bankruptcy Case (Official Form 309I). The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015.**

The plan does not allow claims. Creditors must file a proof of claim to be paid under any plan that may be confirmed.

The following matters may be of particular importance. **Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.**

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☑ Included | ☐ Not Included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4. | ☐ Included | ☑ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ☐ Included | ☑ Not Included |

| Part 2: | Plan Payments and Length of Plan |
|---|---|

**2.1      Length of Plan.**

The plan period shall be for a period of ___**60**___ months, not to be less than 36 months or less than 60 months for above median income debtor(s). If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.2      Debtor(s) will make payments to the trustee as follows:**

Debtor shall pay ___**$874.14**___ (☐ monthly, ☐ semi-monthly, ☐ weekly, or ☑ bi-weekly) to the chapter 13 trustee. Unless otherwise ordered by the court, an Order directing payment shall be issued to the debtor's employer at the following address:

**Vertex Aerospace**
**555 Industrial Dr S**
**Madison MS 39110-0000**

Software Copyright (c) 1996-2026  Best Case, LLC - www.bestcase.com

| Debtor | **Amy Marie Bannister** | Case number | **26-00511** |

Joint Debtor shall pay _____ (☐ monthly, ☐ semi-monthly, ☐ weekly, or ☐ bi-weekly) to the chapter 13 trustee. Unless otherwise ordered by the court, an Order directing payment shall be issued to the joint debtor's employer at the following address:

**2.3      Income tax returns/refunds.**

*Check all that apply*

☑  Debtor(s) will retain any exempt income tax refunds received during the plan term.

☐  Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all non-exempt income tax refunds received during the plan term.

☐  Debtor(s) will treat income refunds as follows:

**2.4 Additional payments.**
  *Check one.*

☑  **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

**Part 3:      Treatment of Secured Claims**

**3.1      Mortgages. (Except mortgages to be crammed down under 11 U.S.C. § 1322(c)(2) and identified in § 3.2 herein.).**

  *Check all that apply.*
☑   **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*
  *Insert additional claims as needed.*

**3.2      Motion for valuation of security, payment of fully secured claims, and modification of undersecured claims. *Check one.*.**

☐  **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*
    ***The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.***

☑  Pursuant to Bankruptcy Rule 3012, for purposes of 11 U.S.C. § 506(a) and § 1325(a)(5) and for purposes of determination of the amounts to be distributed to holders of secured claims, debtor(s) hereby move(s) the court to value the collateral described below at the lesser of any value set forth below or any value set forth in the proof of claim. Any objection to valuation shall be filed on or before the objection deadline announced in Part 9 of the Notice of Chapter 13 Bankruptcy Case (Official Form 309I).

The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan. Unless otherwise ordered by the court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.

| Name of creditor | Estimated amount of creditor's total claim # | Collateral | Value of collateral | Amount of secured claim | Interest rate* |
|---|---|---|---|---|---|
| **American Credit Accep** | **$24,149.00** | **2018 GMC Terrain 152,286 miles** | **$5,733.00** | **$5,733.00** | **8.50%** |

| Name of creditor | Estimated amount of creditor's total claim # | Collateral | Value of collateral | Amount of secured claim | Interest rate* |
|---|---|---|---|---|---|
| **Covington credit** | **$8,164.00** | **2014 Chevy Silverado 1500 243,336 miles** | **$8,386.20** | **$8,164.00** | **8.50%** |

Mississippi Chapter 13 Plan                                                                Page 2

Debtor **Amy Marie Bannister**                   Case number   **26-00511**

*Insert additional claims as needed.*

#For mobile homes and real estate identified in § 3.2: Special Claim for taxes/insurance:

| Name of creditor | Collateral | Amount per month | Beginning |
|---|---|---|---|
| **-NONE-** | | | month |

\* Unless otherwise ordered by the court, the interest rate shall be the current Till rate in this District

For vehicles identified in § 3.2: The current mileage is  _____

**3.3    Secured claims excluded from 11 U.S.C. § 506.**

*Check one.*

☐    **None**. *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

☑    The claims listed below were either:

(1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or

(2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

These claims will be paid in full under the plan with interest at the rate stated below. Unless otherwise ordered by the court, the claim amount stated on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) controls over any contrary amount listed below. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling.

| Name of Creditor | Collateral | Amount of claim | Interest rate* |
|---|---|---|---|
| **Credit Acceptance** | **2018 Toyota Tundra 139,453 miles** | **$30,385.00** | **8.50%** |

*Unless otherwise ordered by the court, the interest rate shall be the current Till rate in this District.

*Insert additional claims as needed.*

**3.4    Motion to avoid lien pursuant to 11 U.S.C. § 522.**

*Check one.*

☑    **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**3.5    Surrender of collateral.**

*Check one.*

☑    **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

---

**Part 4:    Treatment of Fees and Priority Claims**

**4.1    General**
Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2    Trustee's fees**
Trustee's fees are governed by statute and may change during the course of the case.

**4.3    Attorney's fees.**

☑ No look fee:   **4,600.00**

Total attorney fee charged:        $**4,600.00**

Attorney fee previously paid:      $**2,622.00**

Attorney fee to be paid in plan per   $**1,978.00**

Software Copyright (c) 1996-2026 Best Case, LLC - www.bestcase.com

Debtor   **Amy Marie Bannister**                       Case number   **26-00511**

confirmation order:   _____

☐ Hourly fee: $_____.  (Subject to approval of Fee Application.)

**4.4      Priority claims other than attorney's fees and those treated in § 4.5.**

*Check one.*

☐ **None**. *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*
☑ Internal Revenue Service          **$996.00**_____ .
☑ Mississippi Dept. of Revenue      **$668.00**_____ .
☐ Other          _____   **$0.00**_____ .

**4.5      Domestic support obligations.**

☑ **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

---

| Part 5: | **Treatment of Nonpriority Unsecured Claims** |
|---|---|

**5.1      Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*

☑ The sum of $   **49,072.79**
☐ _____% of the total amount of these claims, an estimated payment of $_____
☑ The funds remaining after disbursements have been made to all other creditors provided for in this plan.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $**71,656.00** Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

**5.2      Other separately classified nonpriority unsecured claims (special claimants).** *Check one*.

☐ **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced*.
☑ The nonpriority unsecured allowed claims listed below are separately classified and will be treated as follows:

| Name of Creditor | Basis for separate classification and treatment | Approximate amount owed | Proposed treatment |
|---|---|---|---|
| Nelnet | Student Loans - long-term debt | $22,945.56 | Debtor to pay direct pursuant to contract in place with student loan provider. |

*Insert additional claims as needed.*

---

| Part 6: | **Executory Contracts and Unexpired Leases** |
|---|---|

**6.1      The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one*.

☑ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

---

| Part 7: | **Vesting of Property of the Estate** |
|---|---|

**7.1      Property of the estate will vest in the debtor(s) upon entry of discharge.**

| Part 8: | **Nonstandard Plan Provisions** |
|---|---|

**8.1      Check "None" or List Nonstandard Plan Provisions**

Software Copyright (c) 1996-2026  Best Case, LLC - www.bestcase.com

| Debtor | **Amy Marie Bannister** | | Case number | **26-00511** |
|---|---|---|---|---|

☑ **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

| Part 9: | **Signatures:** |
|---|---|

**9.1** **Signatures of Debtor(s) and Debtor(s)' Attorney**

*The Debtor(s) and attorney for the Debtor(s), if any, must sign below. If the Debtor(s) do not have an attorney, the Debtor(s) must provide their complete address and telephone number.*

X **/s/ Amy Marie Bannister**                     X _____
  **Amy Marie Bannister**                                Signature of Debtor 2
  Signature of Debtor 1

  Executed on    **March 19, 2026**                     Executed on _____

  **9820 Clayton Cemetery Rd**                          _____
  Address                                               Address
  **Lauderdale MS 39335-0000**                          _____
  City, State, and Zip Code                             City, State, and Zip Code

  _____                               _____
  Telephone Number                                      Telephone Number

X **/s/ Thomas C. Rollins, Jr.**                  Date **March 19, 2026**
  **Thomas C. Rollins, Jr. 103469**
  Signature of Attorney for Debtor(s)
  **P.O. Box 13767**
  **Jackson, MS 39236**
  Address, City, State, and Zip Code
  **601-500-5533**                                      **103469 MS**
  Telephone Number                                      MS Bar Number
  **trollins@therollinsfirm.com**
  Email Address

Mississippi Chapter 13 Plan                                                    Page 5

Software Copyright (c) 1996-2026  Best Case, LLC - www.bestcase.com

<u>**Certificate of Service**</u>

I, the undersigned attorney for the above referenced debtor(s), do hereby certify that I have this date served a true and correct copy of the notice of amendment, § 341 Meeting of Creditors Notice, and the chapter 13 plan *(if applicable)* to the affected creditor(s) via First Class U.S. Mail and the case trustee and U.S. Trustee via Notice of Electronic Filing (NEF) through the ECF system .

Date: <u>**March 20, 2026**</u>

<u>**/s/ Thomas C. Rollins, Jr.**</u>
Thomas C. Rollins, Jr., MS Bar #103469
Jennifer A Curry Calvillo, MC Bar #104367
The Rollins Law Firm
P.O. Box 13767
Jackson, MS 39236
601.500.5533
trollins@therollinsfirm.com

ADVANCE FINANCIAL
100 OCEANSIDE DRIVE
NASHVILLE, TN 37204

US ATTORNEY GENERAL
US DEPT OF JUSTICE
950 PENNSYLVANIA AVENW
WASHINGTON, DC 20530-0001

IRS
CENTRALIZED INSOLVENCY
P.O. BOX 7346
PHILADELPHIA, PA 19101-7346

IRS
C/O US ATTORNEY
501 EAST COURT ST
STE 4.430
JACKSON, MS 39201

MS DEPT OF REVENUE
BANKRUPTCY SECTION
PO BOX 22808
JACKSON, MS 39225-2808

PURCHASING POWER
1375 PEACHTREE STREET
SUITE 500
ATLANTA, GA 30309

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:

Amy Marie Bannister

CASE NO: 26-00511-KMS

**DECLARATION OF MAILING
CERTIFICATE OF SERVICE**

Chapter: 13

On 3/20/2026, I did cause a copy of the following documents, described below,

Notice to Creditors

to be served for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing list exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

I caused these documents to be served by utilizing the services of BK Attorney Services, LLC d/b/a certificateofservice.com, an Approved Bankruptcy Notice Provider authorized by the United States Courts Administrative Office, pursuant to Fed.R.Bankr.P. 9001(9) and 2002(g)(4). A copy of the declaration of service is attached hereto and incorporated as if fully set forth herein.

Parties who are participants in the Courts Electronic Noticing System ("NEF"), if any, were denoted as having been served electronically with the documents described herein per the ECF/PACER system.

DATED: 3/20/2026

/s/ Thomas C. Rollins, Jr.
Thomas C. Rollins, Jr. 103469
Attorney at Law
The Rollins Law Firm
702 W. Pine Street
Hattiesburg, MS 39401
601-500-5533
trollins@therollinsfirm.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:

Amy Marie Bannister

CASE NO: 26-00511-KMS

**CERTIFICATE OF SERVICE
DECLARATION OF MAILING**

Chapter: 13

On 3/20/2026, a copy of the following documents, described below,

Notice to Creditors

were deposited for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing list exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

The undersigned does hereby declare under penalty of perjury of the laws of the United States that I have served the above referenced document(s) on the mailing list attached hereto in the manner shown and prepared the Declaration of Certificate of Service and that it is true and correct to the best of my knowledge, information, and belief.

DATED: 3/20/2026

Victoria Blake
BK Attorney Services, LLC
d/b/a certificateofservice.com, for
Thomas C. Rollins, Jr.
The Rollins Law Firm
702 W. Pine Street
Hattiesburg, MS  39401

**(The following pages contain parties served via First Class USPS Mail Service unless stated otherwise.)**

ADVANCE FINANCIAL
100 OCEANSIDE DRIVE
NASHVILLE, TN 37204

IRS
CENTRALIZED INSOLVENCY
P.O. BOX 7346
PHILADELPHIA, PA 19101-7346

IRS
C/O US ATTORNEY
501 EAST COURT ST
STE 4.430
JACKSON, MS 39201

MS DEPT OF REVENUE BANKRUPTCY SECTION
PO BOX 22808
JACKSON, MS 39225-2808

PURCHASING POWER
1375 PEACHTREE STREET SUITE 500
ATLANTA, GA 30309

US ATTORNEY GENERAL US DEPT OF JUSTICE
950 PENNSYLVANIA A VENW
WASHINGTON, DC 20530-0001